The UNITED STATES, Appellant,

v.

E. BESLER & COMPANY, a/c Sickles, Inc. and William F. Joffroy, Inc. a/c Sickles Sales & Service Co., Appellees.

Customs Appeal No. 76–35.

United States Court of Customs and Patent Appeals.

June 30, 1977.

---

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., David M. Cohen, Chief, Customs Section, Edmund F. Schmidt, New York City, for the United States.

Stein, Shostak, Shostak & O'Hara, Inc., Los Angeles, Cal., attorneys of record, for appellees, James F. O'Hara, Los Angeles, Cal., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE and MILLER, Associate Judges.

LANE, Judge.

This is an appeal from the judgment of the United States Customs Court, 417 F.Supp. 1041, 76 Cust.Ct. 231, C.D. 4661 (1976), holding that certain merchandise described as optical printers is classifiable as equipment specially designed for photofinishing (still picture), not specially provided for, under item 722.94, TSUS, as modified by T.D. 68–9, and that various parts of the subject optical printers are classifiable as electrical articles and electrical parts of articles, not specially provided for, under item 688.40, TSUS, as modified by T.D. 68–9. The Customs Court overruled appellant's alternative classification proposal, viz., that the optical printers should be classified as other cameras, other than fixed focus, valued over $10 each, under item 722.16, TSUS, as modified by T.D. 68–9, and that the parts thereof should be classified as parts of any of the foregoing cameras, under item 722.34, TSUS, as modified by T.D. 68–9. We reverse.

## Facts

The pertinent portions of the Tariff Schedules of the United States involved in this appeal, with rates in effect at the time of importation, read as follows:

SCHEDULE 6.—Metals and Metal Products

\* \* \* \* \* \*

Part 5.—Electrical Machinery and Equipment.

\* \* \* \* \* \*

Item 688.40 Electrical articles, and electrical parts of articles, not specifically provided for ..... 10% ad val. (1968) 6.5% ad val. (1971)

SCHEDULE 7.—Specified Products; Miscellaneous and Non-enumerated Products

\* \* \* \* \* \*

Part 2.—Optical Goods; Scientific and Professional Instruments; Watches, Clocks, and Timing Devices; Photographic Goods; Motion Pictures; Recordings and Recording Media.

\* \* \* \* \* \*

Subpart F.—Photographic Equipment and Supplies

\* \* \* \* \* \*

Photographic cameras (other than motion-picture cameras), photographic enlargers, and combination camera-enlargers:

\* \* \* \* \* \*

Other cameras:

\* \* \* \* \* \*

Other than fixed-focus:

\* \* \* \* \* \*

| Item 722.16 | Valued over $10 each .. | 13% ad val. (1968) 9% ad val. (1971) |

\* \* \* \* \* \*

Parts of any of the foregoing cameras, enlargers and camera-enlargers:

\* \* \* \* \* \*

Other:

For motion-picture cameras

| Item 722.34 Other ............... | 18% ad val. (1968) 12% ad val. (1971) |

\* \* \* \* \* \*

Equipment specially designed for photofinishing (still picture):

Contact printers

Developing tanks:

\* \* \* \* \* \*

Enlarging easels

| Item 722.94 Other, not specially provided for .......... | 9% ad val. (1968) 6% ad val. (1971) |

The imported merchandise is characterized as optical printers which are used to make duplicates or transparencies from master slides and which are also used to make internegatives, i. e., to make negatives from transparencies.

### Opinion Below

Based upon the testimony of four witnesses, the Customs Court overruled the Customs Service, which classified the optical printers as other enlargers and camera-enlargers, under item 722.18, TSUS, as modified by T.D. 68–9, and the parts thereof as other parts of any of the foregoing enlargers and camera-enlargers, under item 722.34 TSUS, as modified by T.D. 68–9. Appellant has, in this appeal, abandoned the Customs Service's classification of the merchandise as enlargers and camera-enlargers and parts thereof, and has limited its asser-

tion to the alternative claim it had proposed below.

■ The Customs Court also found that the imported devices are not used or referred to as cameras, but, instead, are referred to as vertical optical printers which are mainly sold to, and used by, professional photofinishers to duplicate and print slides and to make internegatives. Since merchandise is to be classified on the basis of its primary design, construction, and function, the court concluded that the printers were classifiable as equipment specially designed for photofinishing still pictures, citing *Trans-Atlantic Co. v. United States*, 471 F.2d 1397, 60 CCPA 100, C.A.D. 1088 (1973). The court further reasoned that since Congress provided specially for contact printers under the heading "Equipment specially designed for photofinishing (still picture)," optical printers, which are merely a species of printers, should also be viewed as equipment employed in the photofinishing industry.

As to the parts, the court concluded that since there was no dispute regarding their electrical nature, and since item 722.94, TSUS, is not broad enough to include parts, they should be classified under item 688.40, TSUS, as electrical articles and electrical parts of articles, not specially provided for.

The Customs Court also sustained a hearsay objection against the introduction into evidence of certain interrogatories proffered by appellant. Since we have decided in favor of appellant on the substantive issues, we need not reach this evidentiary question.

### OPINION

In summarizing the testimony of Leslie G. Ebeling, an officer of Sickles, Inc., which summary appellees adopt in their brief, the trial court explained that the optical printers operate as follows:

The unexposed film is transported from the supply reel to a position above the lens and exposed in that position. A light source located in the base of the printer produces illumination. The light shines

through a transparent medium known as a slide or transparency. The light is collected by the lens and is then imaged on the exposed film positioned above the lens.

Based upon this testimony, it is clear that the manner in which the devices operate coincides with the common meaning of the term "camera" as defined in Webster's new International Dictionary of the English Language, Second Edition Unabridged 385 (1939), as follows: "2.b A closed box or similar chamber through the aperture of which the image of an object is recorded on a light-sensitive material."

■ In the absence of a special commercial designation, the language of the tariff statute is to be construed in accordance with its common meaning. A court, in determining common meaning, may rely upon its own understanding of terms used and may consult standard lexicographic and scientific authorities. *Trans-Atlantic Co. v. United States,* supra. Given the above definition for the term "camera," the trial court erred in finding that the imported devices were not cameras.

■ A decision that the optical printers are cameras is not dispositive of the classification issue. In the opinion of the Customs Court, as well as in appellees' brief, emphasis is placed on the assertion that there is uncontroverted testimonial evidence of record that the optical printers are mainly sold to, and used by, professional photofinishers. Even assuming, arguendo, this to be the case, the decision of the trial court must still be reversed. Appellees' claimed classification under item 722.94, TSUS, is merely a "not specially provided for" provision of all equipment which is specially designed for still picture photofinishing. It is not a

specific eo nomine provision, as is the camera provision of item 722.16, TSUS. Absent a clearly shown contrary legislative intent, which is not present in the case at bar, a "not specially provided for" clause in a use provision excludes articles enumerated elsewhere by a descriptive or eo nomine designation. *United States v. Lansen-Naeve Corp.,* 44 CCPA 31, C.A.D. 632 (1957). *Accord, United States v. Alltransport, Inc.,* 44 CCPA 149, C.A.D. 653 (1957).*

■ Moreover, the fact that the imports are not adapted to general picture taking but are, instead, special-purpose cameras, does not preclude their being classified as cameras. *Fairchild Camera & Instrument Corp., Inter-Maritime Forwarding Co. v. United States,* 53 CCPA 122, C.A.D. 887 (1966).

The other requirements of item 722.16, TSUS, viz., that the cameras be other than fixed focus and be valued over $10 each, have not been contested by appellees.

Thus, the fact that the optical printers are specially provided for as cameras under item 722.16, TSUS, requires that they be excluded from item 722.94, TSUS.

The trial court's reliance on *Trans-Atlantic Co. v. United States,* supra, for the proposition that merchandise is to be classified on the basis of its primary function is misplaced. In that case spring hinges were classified as hinges under item 647.03, TSUS, since they were primarily designed and constructed to function as hinges. The use of this case to support the trial court's classification is particularly inappropriate since, as shown supra, the subject devices function as cameras.

---

* *Cf.* General Interpretative Rule 10(c) of the Tariff Schedules of the United States, 19 U.S.C. § 1202, also lends support to this conclusion. It provides:

    10. *General Interpretative Rules.—*
    For the purposes of these schedules—
        \*   \*   \*   \*   \*   \*
    (c) an imported article which is described in two or more provisions of the schedules is classifiable in the provision which most specifically describes it; but, in applying this

rule of interpretation, the following considerations shall govern:
    (i) a superior heading cannot be enlarged by inferior headings indented under it but can be limited thereby;
    (ii) comparisons are to be made only between provisions of coordinate or equal status, i. e., between the primary or main superior headings of the schedules or between coordinate inferior headings which are subordinate to the same superior heading;

In deciding that the optical printers are properly classifiable under item 722.16, TSUS, we are mindful that this was an asserted alternative classification by the Government below and, as such, the presumption of correctness does not attach. Nevertheless, appellant has succeeded in carrying its burden of proof.

Once it has been decided that the optical printers are classifiable as cameras under item 722.16, TSUS, it follows that the parts thereof are classifiable under item 722.34, TSUS, as "Parts of any of the foregoing cameras  .  .  .," and not, as decided below, under item 688.40, TSUS. Moreover, item 688.40, TSUS, as with item 722.94, TSUS, is a "not specially provided for" provision, whereas item 722.34, TSUS, is a specific eo nomine provision.

Accordingly, for the reasons expressed above, the judgment of the Customs Court is *reversed.*